UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| CITY OF STERLING HEIGHTS GENERAL EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>PRUDENTIAL FINANCIAL, INC., et al.,<br><br>Defendants. | No. 2:12-cv-05275-SDW-MCA<br><br>**CLASS ACTION**<br><br>STIPULATION AND PROPOSED DISCOVERY CONFIDENTIALITY ORDER |

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, and upon the agreement of Lead Plaintiffs National Shopmen Pension Fund, Heavy & General Laborers' Locals 472 & 172 Pension Annuity Funds, and Roofers Local No. 149 Pension Fund ("Lead Plaintiffs"), and Defendants Prudential Financial, Inc. ("Prudential" or the "Company"), John R. Strangfeld, Richard J. Carbone, and Mark B. Grier (the "Individual Defendants," and together with Prudential, "Defendants") (together with the Lead Plaintiffs, the "Named Parties," and each a "Named Party"), it is ORDERED as follows:

1. Any Named Party to this litigation and any non-party shall have the right to designate as "Confidential" and subject to this Discovery Confidentiality Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information; or (b) that contains private or confidential personal information; or (c) that contains information received in confidence from non-parties; or (d) that the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3.

2. Any Named Party to this litigation or any non-party covered by this Discovery Confidentiality Order, who produces or discloses any Confidential information, including without limitation any information, document, thing,

- 1 -

interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential"). Documents produced in this action may be designated by any Named Party as "Confidential" by (*i*) marking each page of the document(s) so designated with a stamp stating "Confidential," or (*ii*) if the document so designated is produced in native format, by adding "Confidential" to its file name. In lieu of marking the original of a document, if the original is not produced, the designating Named Party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection. Information disclosed at a deposition may be designated by any Named Party or non-party as "Confidential" by indicating on the record at the deposition that the testimony is "Confidential" and is subject to the provisions of this Discovery Confidentiality Order.

3. All Confidential information shall be used solely for purposes of the prosecution or defense of this action, shall not be used for any other purpose whatsoever, and shall not be disclosed to anyone except in accordance with the terms of this Discovery Confidentiality Order, unless and until the restrictions herein are removed either by written agreement of counsel for the Named Parties or by order of the Court.

- 2 -

4.  Confidential information and the contents of Confidential information may be disclosed only to the following individuals under the following conditions (the persons to whom Confidential information may be disclosed under this Paragraph 4 are referred to as "Qualified Persons"):

(a) Outside counsel (herein defined as any attorney at the Named Parties' outside law firms) and relevant in-house counsel for a Named Party in connection with this action;

(b) Experts or consultants retained by counsel for purposes of this action, provided they have first signed a non-disclosure agreement in the form attached hereto as Exhibit A;

(c) Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

(d) The Court and court personnel;

(e) Any witness testifying in a deposition or proceeding before the Court, provided that the witness is informed or instructed on the record at the start of the deposition that the parties expect to discuss information that is covered by a confidentiality order in the case, and that such information cannot be disclosed for any purposes not in connection with the litigation;

(f) Any person who appears to have authored or received a copy of any information, document or thing designated Confidential, may have been involved

in the subject matter described therein, or is or was employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

(g) Potential witnesses, who are not otherwise Qualified Persons, and who may have information relevant to the action, provided they have first signed a non-disclosure agreement in the form attached hereto as Exhibit A;

(h) Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

(i) Named Parties or their current or former officers, directors, or employees, to the extent that such persons' review of the confidential information is in connection with the prosecution or defense of this action;

(j) The insurers and reinsurers of Prudential and the officers, directors, partners, employees and counsel of such insurers and reinsurers, in connection with any mediation, alternative dispute resolution, or settlement proceeding between the Named Parties;

(k) Any mediator who is assigned to hear this matter, and his or her staff, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A; and

(l) If the Court so elects, any other person may be designated as a Qualified Person by order of this Court, after notice to all Named Parties.

5. The outside counsel for the Named Party that has disclosed Confidential information to a non-party pursuant to subparagraphs 4(b) and 4(g) will maintain copies of all non-disclosure agreements executed by such non-parties.

6. Confidential information shall be used only by Qualified Persons. Confidential information, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the Named Party or Named Parties asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

7. In the event that Confidential information is disclosed to a person other than outside counsel (under subparagraph 4(a)), or the Court and court personnel (under subparagraph 4(d)), and the person then proceeds to breach the terms of this Discovery Confidentiality Order, then counsel for the Named Party that provided the person with the Confidential information shall, promptly upon becoming aware of the breach, (a) notify the other Named Parties and the breaching person; and (b) take appropriate action to rectify the breach.

8. With respect to any depositions that involve a disclosure of Confidential information of a Named Party or non-party to this action, such Named Party or non-party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement. No such deposition transcript shall be disclosed to any individual other than the deponent or another Qualified Person during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition, to any individual other than the deponent or another Qualified Person during these thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with the terms of this Discovery Confidentiality Order.

9. A Named Party shall not be obligated to challenge the propriety of a designation as "Confidential" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. If counsel for a Named Party receiving documents or information designated as Confidential hereunder objects to such designation of any or all of such items, the following procedure shall apply:

(a) Counsel for the objecting Named Party shall serve on the designating Named Party or non-party a written objection to such designation, which

shall describe with particularity the documents or information in question and shall state the grounds for objection. If, within ten (10) days of this written objection, the designating Named Party or non-party fails to respond and state with particularity the grounds for asserting that the document or information is Confidential, the challenged designation will be deemed void. If the designating Named Party or non-party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

    (b) If a dispute as to a Confidential designation of a document or item of information cannot be resolved by agreement, the designating Named Party or non-party shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.1(a)(1), or as otherwise directed by the Court, before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

  10. All requests to seal documents filed with the Court shall comply with Local Civil Rule 5.3.

  11. If any Named Party needs to disclose Confidential information during trial or at any hearing before the Court, it may do so only after giving notice to the producing Named Party and as directed by the Court.

12. Documents produced prior to entry of this Discovery Confidentiality Order may be retroactively designated as "Confidential" by notice in writing, identifying the document or documents in question by Bates number, within thirty (30) days of the entry of this Discovery Confidentiality Order, or by having previously produced such documents marked as "Confidential." To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential information that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a claim of confidentiality by a Named Party or a non-party, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential under this Discovery Confidentiality Order.

13. (a) Whenever the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, all parties shall comply with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or

- 8 -

mistaken disclosure shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

(b) After notifying the receiving party of the inadvertent disclosure, the producing party shall promptly provide the receiving party with a privilege log that specifically identifies the inadvertently disclosed material and satisfies the requirements of Federal Rule of Civil Procedure 26(b)(5)(A). If the inadvertently disclosed information, document or thing was offered at a deposition or as a sealed exhibit to or redacted part of a dispositive motion or opposition to a dispositive motion, the producing party shall provide the receiving party with the privilege log within five (5) business days of the deposition or filing of the dispositive motion or opposition to dispositive motion.

(c) Promptly after the production of such a log, the producing and receiving parties must conduct a meet and confer to try to resolve the issue. If the parties cannot reach agreement in the meet and confer, the parties shall unless otherwise agreed, jointly present the dispute by telephone conference call or letter to the Magistrate Judge pursuant to Local Civil Rule 37.1 within five (5) business days of the meet and confer. If the dispute remains unresolved after it is presented by

telephone call or letter to the Magistrate Judge, the producing party shall file a motion for protective order pursuant to Federal Rule of Civil Procedure 26(c), scheduled to be fully briefed and heard by the Court before or simultaneous with the hearing on the relevant dispositive motion or opposition to dispositive motion. In the context of information, documents or things offered in a deposition, the producing party shall file a motion for protective order pursuant to Federal Rule of Civil Procedure 26(c) within five (5) business days of the conference call or Magistrate Judge's response to the joint letter.

(d) Nothing in this Discovery Confidentiality Order shall prevent the producing party from seeking immediate relief from the Court, including a protective order under Rule 26(c), where necessary to preserve the claimed privilege or work-product protection and prevent or limit further disclosure of the information, document, or thing pending resolution of the claim.

14. No information shall be deemed or considered to be Confidential material under this Discovery Confidentiality Order if it: (*i*) is in the public domain; (*ii*) is already known by the receiving party through proper means; or (*iii*) is or becomes available to a Named Party from a source other than the Named Party or non-party asserting confidentiality, if that source is rightfully in possession of such information on a non-confidential basis.

15. Nothing in this Discovery Confidentiality Order shall:

(a) prevent disclosure beyond the terms of this Discovery Confidentiality Order if each Named Party designating the information as "Confidential" consents to such disclosure, or if the Court, after notice to all affected Named Parties, orders such disclosures;

(b) deprive any Named Party of its right to object to discovery by any other Named Party or on any otherwise permitted ground;

(c) prevent or restrict any Named Party from using or disclosing in any way documents it has produced or disclosed in the course of discovery proceedings in this case or documents it has obtained other than through discovery in this action;

(d) prevent or restrict any Named Party from seeking additional protection with respect to the disclosure of particular documents;

(e) prevent or restrict any Named Party from seeking modification of, or relief from, this Discovery Confidentiality Order for good cause shown; or

(f) prohibit a Named Party from producing Confidential information in its possession pursuant to a subpoena issued by any court, administrative, or legislative body, or any other person purporting to have authority to subpoena such Confidential information; provided, however, that if such Named Party receives a subpoena or other compulsory process seeking production or other disclosure of

- 11 -

Confidential information, that Named Party shall give written notice to counsel for the producing Named Party at least ten (10) days before production or other disclosure, identifying the Confidential information at issue, and, unless prohibited by applicable law, enclosing a copy of the subpoena or other compulsory process, in order that the producing Named Party may protect its interest in said Confidential information.

16. Producing or receiving materials or otherwise complying with the terms of this Discovery Confidentiality Order, including marking or not marking any information "Confidential" shall not:

(a) prejudice in any way the rights of a Named Party to seek a determination by this Court (*i*) whether particular information should be produced, or (*ii*) if produced, whether such information should be subject to the terms of this Discovery Confidentiality Order; or

(b) prejudice in any way the rights of a Named Party to apply to this Court for a further protective order relating to any information.

17. This Discovery Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the Named Parties filed with the Court, except that there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed under seal pursuant to Local Civil Rule 5.3.

18. Except as this Court may otherwise order, within one hundred and twenty (120) days after the final conclusion of this litigation (the "Retention Period"), each Named Party or other individual subject to the terms of this Discovery Confidentiality Order shall: (*i*) either assemble and return to the originating source, or destroy and provide the originating source with confirmation of the destruction of, all originals and unmarked copies of documents and things containing Confidential information; and (*ii*) destroy all copies of Confidential information that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential information, and provide the originating source with confirmation of the destruction of this Confidential information; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Discovery Confidentiality Order. To the extent a Named Party requests the return of Confidential information from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the Named Party shall file a motion seeking such relief.

- 13 -

Dated: April 11, 2014

By: /s/ Peter S. Pearlman  
    Peter S. Pearlman, Esq.

COHN LIFLAND PEARLMAN  
HERRMANN & KNOPF, LLP  
Counsel to Plaintiffs  
Park 80 West – Plaza  
250 Pehle Avenue, Suite 401  
Saddle Brook, New Jersey 07663

ROBBINS GELLER RUDMAN  
& DOWD, LLP  
Counsel to Plaintiffs  
Post Montgomery Street,  
Suite 1800  
San Francisco, CA 94101

VANOVERBEKE MICHAUD &  
  TIMMONY, P.C.  
Counsel to Plaintiffs  
79 Alfred Street  
Detroit, MI 48201

ROBBINS GELLER RUDMAN &  
DOWD, LLP  
Counsel to Plaintiffs  
655 West Broadway, Suite 1900  
San Diego, CA 92101

By: /s/ Daniel C. Fleming  
    Daniel C. Fleming, Esq.

WONG FLEMING  
Counsel to Defendants  
821 Alexander Road, Suite 200  
P.O. Box 3663  
Princeton, New Jersey 08543

DEBEVOISE & PLIMPTON LLP  
Counsel to Defendants  
919 Third Avenue  
New York, New York 10022

IT IS SO ORDERED.

_____  
Honorable Madeline Cox Arleo, U.S.M.J.  
United States Magistrate Judge

May 22, 2014

- 14 -