# DrinkerBiddle&Reath LLP

*Frank F. Velocci*
*973-549-7078 Direct*
*973-360-9831 Fax*
*frank.velocci@dbr.com*

*Law Offices*
600 Campus Drive
Florham Park, NJ
07932-1047

973-549-7000 phone
973-360-9831 fax
www.drinkerbiddle.com

*A Delaware Limited Liability Partnership*

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
WASHINGTON DC
WISCONSIN

*Via ECF*

The Honorable Madeline Cox Arleo, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

Re:   *City of Sterling Heights General Employees' Retirement System, et al.*
      *v. Prudential Financial, Inc.*
      Civil Action No.: 2-12-cv-05275

Dear Judge Arleo:

We represent non-party National Association of Insurance Commissioners ("NAIC"), and we write with respect to the Plaintiffs' Motion to Compel Production of Subpoenaed Documents and Non-Party Verus Financial LLC's ("Verus") Cross-Motion to Quash Subpoena currently scheduled for August 4, 2014. We write specifically to request the Court's permission to submit a Motion for Leave to file a brief of *amicus curiae* supporting Non-Party Verus' Cross-Motion on the question of state law examination confidentiality.

The NAIC is the U.S. standard-setting and regulatory support organization created and governed by the chief insurance regulators from the 50 states, the District of Columbia and five U.S. territories. Through the NAIC, state insurance regulators establish standards and best practices, conduct peer review, and coordinate their regulatory oversight. NAIC staff supports these efforts and represents the collective views of state regulators domestically and internationally, including through the submission of briefs of *amicus curiae* on issues of broad interest and consensus among state insurance regulators. NAIC members, together with the central resources of the NAIC, form the national system of state-based insurance regulation in the U.S.

The NAIC Model Law on Examinations ("Model Law") provides a national standard for state statutes related to a state insurance regulator's authority to conduct market conduct and financial examinations of its domestic insurers, keep information related to such examinations confidential, and permit regulators to share confidential information as warranted. In addition, the Model Law permits state insurance regulators to retain the services of third-party experts and consultants, such as Verus, and includes such outside contractors within the scope of the Model Law's confidentiality protections. All 50 states and the District of Columbia have enacted laws governing examinations based, in substantial part, on the Model Law.

*Andrew B. Joseph*
*Partner responsible for Florham Park Office*

*Established 1849*

DrinkerBiddle&Reath
L L P

The Honorable Madeline Cox Arleo, U.S.M.J.
July 16, 2014
Page 2

      The ability of state insurance regulators to maintain the confidentiality of sensitive information is paramount to the ability of regulators to protect consumers. In order to regulate effectively, regulators require access to confidential information and the cooperation of those persons possessing such information whether such information is provided directly to state insurance regulators or is provided indirectly to their third-party experts and consultants. Exposing examination-related information, including documents and work papers, jeopardizes the ability of insurance regulators to monitor effectively for insurance solvency. Thus, the efficacy of state confidentiality laws is a necessary prerequisite for regulators to obtain sensitive information from regulated entities.

      Without statutory assurances that regulators can maintain the confidentiality of information, insurance industry sources are likely to be less forthcoming with regulators (directly or through their contractors) who need certain information to carry out their public responsibilities. Additionally, insurance regulators are likely to be less forthcoming with their counterparts upon whom they mutually rely for confidential information about entities operating in their respective jurisdictions. We believe the NAIC can provide the Court with a unique perspective on the public policy underlying the necessity of examination confidentiality.

      While there is no rule specifically covering the participation of *amicus curiae* in U.S. District Courts, "District courts have broad discretion to appoint amicus curiae." *Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp.*, 149 F.R.D. 65, 82 (D.N.J. 1993) (citations omitted). This Court also recognized that "the participation of an amicus [is] especially proper where the amicus will ensure complete and plenary presentation of difficult issues so that the court may reach a proper decision." *N.J. Prot. and Advocacy, Inc. v. Twp. of Riverside*, No. 04-5914, 2006 WL 2226332, at *5 (D.N.J. Aug. 2, 2006) (quoting *Liberty Res., Inc. v. Phila. Hous. Auth.*, 395 F. Supp. 2d 206, 209-210 (E.D. Pa. 2005)) (internal quotation marks omitted). The NAIC seeks the Court's permission to outline the important public policy reasons behind examination confidentiality.

      In the event the Court permits the NAIC to submit a Motion for Leave, the NAIC proposes to submit its motion and accompanying brief no later than Wednesday, July 23, 2014.

      We are available to discuss these issues as the Court wishes, and we thank the Court for its consideration of this request.

Respectfully submitted,

Frank F. Velocci

cc:    All Counsel of Record (Via ECF)