UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
: 
CITY OF STERLING HEIGHTS
GENERAL EMPLOYEES' RETIREMENT       :
SYSTEM, Individually and on Behalf of All
Others Similarly Situated,                          :   No. 2:12-CV-05275-SDW-MCA

                 Plaintiffs,       :   **ORDER RELATING TO**
                                                   **OCTOBER 9, 2014, HEARING ON**
vs.                                                                  :   **DISCOVERY MOTIONS**

PRUDENTIAL FINANCIAL, INC., et al.,       :

                 Defendants.       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This matter having come to this Court on the following motions:

a) The Court first considered the following motion by non-party Verus Financial LLC ("Verus") (Howard Wexler of Seyfarth Shaw LLP; Caroline Marshall and Jeffrey Lerner of Verus, attorneys for Verus):

- Cross-motion to quash Lead Plaintiffs' subpoena, filed June 30, 2014 (ECF 71).

b) The Court also considered the following motions by Lead Plaintiffs National Shopmen Pension Fund, Heavy & General Laborers' Locals 472 & 172 Pension and Annuity Funds and Roofers Local No. 149 Pension Fund (collectively, "Lead Plaintiffs") (Peter S. Pearlman of Cohn Lifland Pearlman Herrmann & Knopf, LLP, and Shawn A. Williams, Aelish M. Baig, and David W. Hall of Robbins Geller Rudman & Dowd LLP, attorneys for Lead Plaintiffs):

- Lead Plaintiffs' motion to compel Verus to produce subpoenaed documents, filed June 6, 2014 (ECF 56);

- Lead Plaintiffs' request that the Court order Defendants to produce Defendants' June 23, 2014 *ex parte* status update, filed June 25, 2014 (ECF 68);

- Lead Plaintiffs' omnibus discovery motion, filed July 14, 2014 (ECF 75);

- Lead Plaintiffs' motion to compel Defendants to provide substantive responses to Lead Plaintiffs' first set of interrogatories, filed August 14, 2014 (ECF 96 and 97); and

- Lead Plaintiffs' motion to compel the production of documents responsive to Lead Plaintiffs' Second Set of Requests for Production, filed September 23, 2014 (ECF 111).

c) Additionally, the Court considered the following motions by Defendants Prudential Financial Inc. ("Prudential"), John R. Strangfeld, Richard J. Carbone, and Mark B. Grier (collectively, "Defendants") (Edwin G. Schallert, Maeve O'Connor, and Erica S. Weisgerber of Debevoise & Plimpton LLP, attorneys for Defendants):

- Defendants' omnibus discovery motion, filed July 14, 2014 (ECF 76); and

- Defendants' motion to compel Lead Plaintiffs to produce engagement letters and monitoring agreements with Robbins Geller Rudman & Dowd LLP, filed August 13, 2014 (ECF 94).

d) The Court, having reviewed the moving and opposition papers submitted by all parties, and the Court having heard argument on October 9, 2014,

**IT IS, this 3rd day of December, 2014, ORDERED that:**

**A. Motions Related to Non-Party Verus, Inc. LLC (ECF Nos. 56, 71)**

1. Lead Plaintiffs' motion to compel Verus to produce subpoenaed documents and Verus' cross-motion to quash Lead Plaintiffs' subpoena for Rule 30(b)(6) deposition testimony

are **GRANTED IN PART AND DENIED IN PART.**  Verus, Lead Plaintiffs, and Defendants shall meet and confer to discuss topics for a deposition by Lead Plaintiffs of Verus pursuant to Fed. R. Civ. P. 30(b)(6) concerning the universe of documents possessed by Verus, the extent of communications that Verus had with other parties relating to the audit of Prudential (the "Verus Audit"), what was done by Verus in its conduct of the Verus Audit, potential custodians, and the time frame of the Verus Audit.  The Fed. R. Civ. P. 30(b)(6) deposition topics shall not reach the merits.

2.  Lead Plaintiffs shall conduct the Rule 30(b)(6) deposition of Verus within three weeks of the October 9, 2014 conference, following which they are directed to narrow the categories of documents set forth in Lead Plaintiffs' subpoena to Verus, based on the deposition.

3.  Verus' relevance and privilege objections are **OVERRULED** and do not shield the information sought from production.  Following the Rule 30(b)(6) deposition, Verus shall produce to Lead Plaintiffs the most relevant categories of documents identified during the deposition.  Thereafter, the Verus and Lead Plaintiffs shall continue to meet and confer to narrow the scope of Lead Plaintiffs' subpoena.

4.  Verus' objections to potential duplicative discovery are **OVERRULED**.  Plaintiffs may propound similar or identical discovery requests to Verus to ensure the production of all relevant information.  If Verus contends that a portion of its production would be identical to documents already produced in full to Plaintiffs by Prudential, Verus and Prudential shall produce a certification attesting that such productions would be identical and thus duplicative and identifying the Bates range.  The parties will meet and confer regarding the contents of the certification.

5.  Lead Plaintiffs, Defendants, and Verus shall submit an update to the Court with

respect to the Verus discovery by October 31, 2014.

**B. Lead Plaintiffs' Motions to Compel Discovery from Defendants (ECF Nos. 68, 75, 96-97, 111)**

6. Lead Plaintiffs' motion to compel production of Defendants' June 23, 2014, *ex parte* status update letter is **DENIED.**

7. Any relevant documents created after the Class Period (May 5, 2010-November 4, 2011) that refer to information or conduct in the Class Period shall be produced.

8. Lead Plaintiffs' motion to compel production of unredacted documents is **GRANTED IN PART AND DENIED IN PART.** Defendants shall produce redacted UPR's through December 31, 2012, subject to the Court's rulings on policyholder information. Defendants shall not redact the dates of birth, dates of death, monetary amounts, and status information relating to each policyholder contained in the UPR's. Notwithstanding the above, Defendants shall not redact an insured's personal identifying information (except Social Security numbers) where (a) a beneficiary or a family member has submitted a claim for death benefits; and (b) Prudential has not paid the claim.

9. After taking further discovery and conferring with experts, Lead Plaintiffs may seek the production of additional information contained in the UPR's.

10. Documents regarding the amount(s) Defendants escheated to each of the 50 states shall be produced.

11. Lead Plaintiffs and Defendants and their respective IT departments shall meet and confer to discuss whether the production of Excel files in redacted format in a manner that does not corrupt the file or allow the recipient to access the redacted information is possible. If production of Excel files in redacted format in a manner that does not corrupt the file or allow the recipient to access the redacted information is possible, Defendants shall produce such

documents.

12. With respect to Lead Plaintiffs' motion to compel additional testimony pursuant to Fed. R. Civ. P. 30(b)(6) on the grounds that the witnesses were unprepared, the parties shall meet and confer and Lead Plaintiffs may take any depositions that become necessary.

13. Lead Plaintiffs' motion to compel the production of draft press releases, conference call scripts, and documents filed with the Securities and Exchange Commission is **GRANTED IN PART AND DENIED IN PART.** Defendants shall produce draft SEC filings, draft conference call scripts, and draft financial press releases for each quarter of the Class Period (May 5, 2010–November 4, 2011), plus one quarter before and after, with proposed relevance redactions indicated, for review only by Lead Plaintiffs' attorneys. If both sides agree on the redactions, the documents shall be reproduced redacted in such fashion, subject only to the terms of the confidentiality agreement in force in this case. Defendants shall also produce communications relating to the drafts of the same from January 2010 through March 2012, according to the same process for proposed redactions. Defendants may redact any such documents for privilege. The Court did not rule regarding accounting packages.

14. With respect to board and board committee meeting minutes, the parties shall meet and confer and attempt to reach an agreement. In the event that no agreement is reached, the parties shall submit briefing on the issue.

**C. Defendants' Motions to Compel Discovery from Lead Plaintiffs (ECF Nos. 76, 94)**

15. Defendants' motion to compel production of Lead Plaintiffs' trading records is **GRANTED IN PART AND DENIED IN PART.** The parties shall meet and confer on the scope of Defendants' request for Lead Plaintiffs' trading histories. Lead Plaintiffs shall produce their trading histories of Prudential stock for up to two years prior to the Class Period, and one year after the Class Period.

16. Defendants' motion to compel interrogatory responses and production of documents with respect to Lead Plaintiffs' knowledge of state investigations is **DENIED.** Defendants shall serve an additional document request and/or interrogatory seeking any documents and/or information possessed by any trustee or officer of Lead Plaintiffs, regarding Lead Plaintiffs' knowledge of the state investigations of Prudential. Lead Plaintiffs shall respond to the request(s) within 30 days.

17. Defendants' motion to compel production of Lead Plaintiffs' litigation histories is **GRANTED IN PART AND DENIED IN PART.** Lead Plaintiffs shall produce all complaints filed in securities fraud, shareholder derivative, or breach of fiduciary duty cases for a period of five years prior to the Class Period (i.e., from January 1, 2005 to present), in which any of the Lead Plaintiffs was a named plaintiff. Lead Plaintiffs and Defendants shall schedule a meet and confer to discuss whether Lead Plaintiffs' productions to date of documents relevant to their litigation histories constitute all responsive documents.

18. Defendants' motion to compel production of Lead Plaintiffs' pre-litigation communications between or among Lead Plaintiffs is **GRANTED.** Lead Plaintiffs shall produce any non-privileged documents concerning communications between or among Lead Plaintiffs relating to the decision to become Lead Plaintiffs in this action, from six months prior to the commencement of this action (February 22, 2012), up to and including Lead Plaintiffs' motions to be appointed Lead Plaintiff (October 22, 2012). Lead Plaintiffs shall produce a privilege log of any privileged communications responsive to this request within 30 days of production.

19. Defendants' motion to compel production of documents relating to third-party subpoenas is **GRANTED.** As set forth in Defendants' First Request for Production of Documents, Lead Plaintiffs shall produce any communications with third parties related to any

third-party subpoena issued by Lead Plaintiffs in this action. To the extent Lead Plaintiffs contend that any such documents are privileged, Lead Plaintiffs shall produce a privilege log of any privileged communications responsive to this request within 30 days of any such production.

20. Defendants' request for information regarding the calculation of damages is **DENIED** as premature.

21. Defendants' motion to compel production of monitoring agreements is **GRANTED.** Lead Plaintiffs shall produce any portfolio monitoring agreements between themselves and Robbins Geller Rudman & Dowd LLP. Lead Plaintiffs may redact the first sentence of the second paragraph (commencing "Upon") in the three monitoring agreements presented at the October 9, 2014 hearing.

22. A conference shall be held on December 10, 2014 at 3:30 p.m. Eastern Time before Magistrate Judge Steven C. Mannion. The parties shall submit a joint letter regarding the status of discovery in advance of the December 10, 2014 conference. All outstanding discovery disputes shall be separately briefed in advance of the hearing.

23. Lead Plaintiffs' Motion to Certify Class (ECF No. 74) is terminated. Lead Plaintiffs and Defendants shall meet and confer regarding a schedule for re-filing and briefing following Defendants' receipt of outstanding requested discovery relating to class certification. The parties shall submit a joint letter with a new proposed briefing schedule on the motion to certify class to the Court.

s/ *Madeline Cox Arleo*
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**

Orig: Clerk
cc: Judge Mannion