COHN LIFLAND PEARLMAN
  HERRMANN & KNOPF LLP
PETER S. PEARLMAN
JEFFREY W. HERRMANN
Park 80 West – Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, NJ  07663
Telephone:  201/845-9600
201/845-9423 (fax)

Liaison Counsel for Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CITY OF STERLING HEIGHTS GENERAL EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) ) ) | No. 2:12-cv-05275- MCA-SCM<br><br>CLASS ACTION<br><br>LEAD PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO NON-PARTY VERUS FINANCIAL LLC'S MOTION REQUESTING A STAY OF THIS COURT'S DECEMBER 3, 2014 ORDER<br><br>MOTION DATE:  January 20, 2015 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| PRUDENTIAL FINANCIAL, INC., et al., | ) ) ) | |
| Defendants. | ) ) ) | |

994711_1

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................................1

II.   PROCEDURAL HISTORY .......................................................................1

III.  ARGUMENT..............................................................................................3

    A.    Third Circuit Law Does Not Support Verus's Request for a
        Stay of Discovery in This Case ..............................................................3

        1.    Verus Requests an Indeterminate Stay of Discovery .................5

        2.    Verus Will Suffer No Undue Hardship if the Court
              Denies Its Motion.........................................................................6

        3.    Plaintiffs Will Be Unduly Prejudiced by a Stay ........................9

        4.    A Stay Will Not Simplify the Issues or Promote Judicial
              Economy .....................................................................................11

        5.    This Case Is in the Thick of Discovery, and the Court
              Contemplates a Trial Before the End of 2015 ..........................13

IV.   CONCLUSION...........................................................................................14

# TABLE OF AUTHORITIES

**Page**

## CASES

*Akishev v. Kapustin*,
 23 F. Supp. 3d 440, 2014 U.S. Dist. LEXIS 72232
 (D.N.J. May 28, 2014) .................................................................................4, 13

*Atkins v. Capri Training Ctr., Inc.*,
 No. 2:13-CV-06820, 2014 U.S. Dist. LEXIS 139989
 (D.N.J. Oct. 1, 2014) (Wigenton, J.).......................................................3

*Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC*,
 No. 11-0011, 2011 U.S. Dist. LEXIS 102743
 (D.N.J. Sept. 12, 2011) ...........................................................................12

*Bechtel Corp. v. Laborers' Int'l Union*,
 544 F.2d 1207 (3d Cir. 1976) ..................................................................12

*Cessna Aircraft Co. v. Fidelity & Casualty Co. of N.Y.*,
 616 F. Supp. 671 (D.N.J. 1985).................................................................12

*Collins v. Ford Motor Credit Co., LLC*,
 No. 5:12 CV 2677, 2012 U.S. Dist. LEXIS 180956
 (N.D. Ohio Dec. 21, 2012).........................................................................9

*CTF Hotel Holdings v. Marriott Int'l*,
 381 F.3d 131 (3d Cir. 2004) .......................................................................4

*Cunningham v. M&T Bank Corp.*,
 No. 1:12-cv-1238, 2014 U.S. Dist. LEXIS 4459
 (M.D. Pa. Jan. 14, 2014) .............................................................................4

*Franklin U.S. Rising Dividends Funds v. Am. Int'l Grp., Inc.*,
 No. 13-5805 (JLL), 2014 U.S. Dist. LEXIS 103482
 (D.N.J. July 29, 2014)..................................................................................9

*Gerald Chamales Corp. v. OKI Data Ams., Inc.*,
 247 F.R.D. 453 (D.N.J. 2007)....................................................................10

**Page**

*Glenmede Trust Co. v. Thompson*,
   56 F.3d 476 (3d Cir. 1995) ...................................................................7

*Hertz Corp. v. Gator Corp.*,
   250 F. Supp. 2d 421 (D.N.J. 2003) ................................................5, 12

*In re Chevron Corp.*,
   749 F. Supp. 2d 170 (S.D.N.Y. 2010) ..................................................9

*J.B. Hunt Transp., Inc. v. Liverpool Trucking Co.*,
   No. 1:11-CV-1751, 2012 U.S. Dist. LEXIS 79046
   (M.D. Pa. June 7, 2012) .........................................................................4

*McDonald v. Novartis Pharm.*,
   No. 07-655 (JBS), 2007 U.S. Dist. LEXIS 86140
   (D.N.J. Nov. 20, 2007).....................................................5, 11, 12, 13

*MEI, Inc. v. JCM Am. Corp.*,
   No. 09-351 (RBK/JS), 2009 U.S. Dist. LEXIS 96266
   (D.N.J. Oct. 15, 2009).........................................................................11

*Newsome v. City of Newark*,
   No. 13-6234 (CCC), 2014 U.S. Dist. LEXIS 61283
   (D.N.J. May 2, 2014) .............................................................................3

*S. Freedman & Co. v. Raab*,
   No. 06-3723 (RBK), 2008 U.S. Dist. LEXIS 79750
   (D.N.J. Oct. 6, 2008)............................................................................10

*Stephen L. LaFrance Pharm., Inc. v. Unimed Pharm., Inc.*,
   No. 09-1507(KSH), 2009 U.S. Dist. LEXIS 90604
   (D.N.J. Sept. 30, 2009) .....................................................................4, 6

*Torres v. Kuzniasz*,
   936 F. Supp. 1201 (D.N.J. 1996)...........................................................7

*Trammel v. United States*,
   445 U.S. 40 (1980)..................................................................................7

- iii -

**Page**

*United States ex rel. Constr. Hardware v. Patterson,*
    No. 12-3285, 2013 U.S. Dist. LEXIS 137517
    (E.D. Pa. Sept. 24, 2013) ...........................................................................4

*United States v. Breyer,*
    41 F.3d 884 (3d Cir. 1994) ........................................................................4

*United States v. Pechiney Plastic Packaging, Inc.,*
    No. 09-5692 (PGS), 2013 U.S. Dist. LEXIS 92664
    (D.N.J. July 2, 2013) ..............................................................................5, 6

*United States v. Pechiney Plastics,*
    No. 09-5692 (PGS), 2013 U.S. Dist. LEXIS 37640
    (D.N.J. Mar. 19, 2013) ...............................................................................8

*Weiss v. Nat'l Westminster Bank, PLC,*
    242 F.R.D. 33 (E.D.N.Y. 2007) ..................................................................8

## STATUTES, RULES AND REGULATIONS

Federal Rules of Civil Procedure
    Rule 26(b)(5) ................................................................................................8
    Rule 30(b)(6) ................................................................................................2
    Rule 72 .........................................................................................................9
    Rule 72(a) .....................................................................................................9

Civil Local Rules
    Rule No. 72.1 ...............................................................................................1
    Rule No. 72.1(a)(1) ......................................................................................9

## I.   INTRODUCTION

The Court could not have been clearer in holding it was "not inclined to find a privilege because the Third Circuit certainly doesn't encourage judges . . . to find new privileges where none have previously existed under the federal common law[,]" that recognition of any insurance related privilege "would be against certainly the teachings of the Third Circuit," that Verus Financial LLC's ("Verus") invocation of privilege was "borderline frivolous," and that there was "absolutely no law in the whole country to suggest any privilege." Baig Decl., Ex. 1 at 5, 13-14.[1] Nevertheless, Verus seeks to further delay discovery through the instant motion to stay, which asks the Court to stay discovery until a decision is rendered on Verus's appeal.  Verus's position is without merit.

## II.   PROCEDURAL HISTORY

Despite Verus's attempt to mischaracterize the events giving rise to its most recent motion, Plaintiffs complied with Judge Arleo's instructions for filing formal motions involving third parties.  Dkt. Nos. 48, 50.  Nearly ten months ago, on March 19, 2014, Plaintiffs served Verus with a subpoena for the production of documents, relating to Verus's audit of Prudential Financial, Inc.'s ("Prudential") unclaimed property practices on behalf of at least 33 states, which is directly relevant to the

---

[1]   The "Baig Decl." refers to the Declaration of Aelish M. Baig in Support of Plaintiffs' Oppositions to Non-Party Verus Financial LLC's L. Civ. R. 72.1 Appeal and Motion for Stay, filed herewith.

claims asserted in this action.  Baig Decl., Ex. 2.  Likewise, on March 25, 2014, Plaintiffs served Verus with a subpoena to testify at a deposition.  Baig Decl., Ex. 3. On May 1, 2014, Verus served its responses and objections to the subpoena for documents, asserting a litany of objections, including objections concerning "statutory or common law privileges" on behalf of the states, for which it had no standing to assert.  Baig Decl., Ex. 4.  After multiple attempts to reach resolution failed, Plaintiffs moved to compel Verus to produce the indisputably relevant information on June 6, 2014.  Dkt. No. 56.  On June 30, 2014, Verus filed its opposition to Plaintiffs' motion to compel and its cross-motion to quash Plaintiffs' subpoena to testify at a deposition. Dkt. Nos. 70, 71.  On July 21, 2014, Plaintiffs filed an opposition to the motion to quash.  Dkt. No. 79.

Verus ultimately failed to cite any authority supporting its assertion of privilege. Baig Decl., Ex. 1 at 7.  At the hearing held on October 9, 2014, the Court acknowledged as much, noting that there was "absolutely no law in the whole country to suggest any privilege," and ordered Verus to appear at a Fed. R. Civ. P. 30(b)(6) deposition to identify sources and types of relevant information, to be completed by October 30, 2014.  *Id.* at 14-17.  Pursuant to an agreement between Verus and Lead Plaintiffs, Plaintiffs took the Rule 30(b)(6) deposition of Verus on November 6, 2014, during which Verus identified 41 discrete categories of documents.

Plaintiffs and Verus were in the middle of discussions regarding the production of documents from these categories when the Court entered its December 3, 2014 Order Relating to the October 9, 2014 Hearing on Discovery Motions (the "December 3 Order"), which overruled Verus's privilege and relevance objections. Dkt. No. 130 at 3. Now, Verus seeks to take another bite at the same apple, appealing the December 3 Order, and in doing so wishes to further stay its long delayed discovery. Considering that only five months remain until the close of fact discovery on June 1, 2015 (Dkt. No. 50 at 19) and Verus's ten-month delay in producing responsive documents, this Court should deny Verus's motion to stay.

## III.   ARGUMENT

### A.   Third Circuit Law Does Not Support Verus's Request for a Stay of Discovery in This Case

Motions to stay discovery are not favored because "'when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems.'" *Newsome v. City of Newark*, No. 13-6234 (CCC), 2014 U.S. Dist. LEXIS 61283, at *3-*4 (D.N.J. May 2, 2014).[2] "[T]he stay of a civil case is an extraordinary remedy, which requires the court to balance competing interests." *Atkins v. Capri Training Ctr., Inc.*, No. 2:13-CV-06820, 2014 U.S. Dist. LEXIS 139989, at *8 (D.N.J.

---

[2]   Citations are omitted throughout unless otherwise indicated.

Oct. 1, 2014) (Wigenton, J.); *United States v. Breyer*, 41 F.3d 884, 893 (3d Cir. 1994) (same); *J.B. Hunt Transp., Inc. v. Liverpool Trucking Co.*, No. 1:11-CV-1751, 2012 U.S. Dist. LEXIS 79046, at *11 (M.D. Pa. June 7, 2012) ("a stay is an extraordinary measure that is only justified in 'exceptional circumstances'"). The party requesting a stay "must state a clear countervailing interest to abridge [the opposing] party's right to litigate." *CTF Hotel Holdings v. Marriott Int'l*, 381 F.3d 131, 139 (3d Cir. 2004). "The burden is on the party seeking a stay to demonstrate that such an order is warranted." *United States ex rel. Constr. Hardware v. Patterson*, No. 12-3285, 2013 U.S. Dist. LEXIS 137517, at *13-*14 (E.D. Pa. Sept. 24, 2013). "The party seeking a stay must demonstrate a 'clear case of hardship or inequity in being required to go forward.'" *Stephen L. LaFrance Pharm., Inc. v. Unimed Pharm., Inc.*, No. 09-1507(KSH), 2009 U.S. Dist. LEXIS 90604, at *19 (D.N.J. Sept. 30, 2009).

> The court must consider four factors in determining whether a stay is appropriate: (1) the length of the requested stay, (2) the hardship that the moving party would face if the stay was not granted, (3) the injury the stay would inflict on the non-moving party, and (4) whether granting a stay would streamline the proceedings by simplifying the issues or promoting judicial economy.

*Cunningham v. M&T Bank Corp.*, No. 1:12-cv-1238, 2014 U.S. Dist. LEXIS 4459, at *8-*9 (M.D. Pa. Jan. 14, 2014). Courts also evaluate motions for stay "in accordance with the scope of presently completed discovery and the scheduling of a trial date." *Akishev v. Kapustin*, 23 F. Supp. 3d 440, 2014 U.S. Dist. LEXIS 72232, at *19-*20 (D.N.J. May 28, 2014).

### 1.   Verus Requests an Indeterminate Stay of Discovery

There is no basis for Verus's suggestion that the length of the stay will be "short." The Court's docket is busy, and there is no ability to predict when the appeal will be decided; thus, the length of the stay sought is indeterminate. *United States v. Pechiney Plastic Packaging, Inc.*, No. 09-5692 (PGS), 2013 U.S. Dist. LEXIS 92664, at *11 (D.N.J. July 2, 2013) ("when the stay requested is of an 'indefinite duration[,]' the party seeking the same must establish a 'pressing need' for the stay").

In *Hertz Corp. v. Gator Corp.*, 250 F. Supp. 2d 421, 425 (D.N.J. 2003), the court found that the delay caused by the proposed stay was sufficiently "determinate" and therefore appropriate because the pending dispositive motion, a motion for consolidation, was set for hearing within two weeks of the motion to stay, and the Judicial Panel on Multidistrict Litigation would decide the motion "in a relatively short period of time." Likewise, in *McDonald v. Novartis Pharm.*, No. 07-655 (JBS), 2007 U.S. Dist. LEXIS 86140, at *6-*7 (D.N.J. Nov. 20, 2007), the court found that the length of the stay would be short, as the pending dispositive motions were fully briefed before the Third Circuit and set to be heard within one month of the court's decision to stay the case. *Id.* ("This is . . . not a case where the contemplated stay is open-ended or protracted."). Here, to the contrary, no precise hearing date is presently scheduled for Verus's motions, and it is unlikely the Court will be able to hold a hearing on the motions in short order. During the December 10, 2014 case

- 5 -

management conference, in fact, the Court stated that formal motions are "on a 6-month list."  Dkt. No. 141 at 21.

Further, Verus cannot reasonably describe the procedural posture of this action as the "early stage[s] of litigation."  Verus's Mot. for Stay at 5.[3]  Discovery has been open since the Court denied Defendants' motion to dismiss in its near entirety on February 6, 2014 (Dkt. No. 34), and the close of fact discovery, currently set for June 1, 2015, is only five months away.  Dkt. No. 50 at 19.  During the joint case management conference on December 10, 2014, Judge Mannion noted that this case "hits the 3-year list" in January 2015, and further advised that "this case will be completely ready for trial by the end of 2015."  Dkt. No. 141 at 23.  Accordingly, the open-ended, indeterminate stay sought by Verus should not issue.

## 2.    Verus Will Suffer No Undue Hardship if the Court Denies Its Motion

Verus fails to make out "'a clear case of hardship or inequity'" as a result of being required to go forward with discovery in this action.  *Pechiney Plastic*, 2013 U.S. Dist. LEXIS 92664, at \*11; *Unimed Pharm.*, 2009 U.S. Dist. LEXIS 90604, at \*19.  In its motion to stay, Verus states it "seeks to avoid being forced (as well as its state clients being similarly forced) to endure the hardship of disclosing documents"

---

[3]    "Verus's Mot. for Stay" refers to Non-Party Verus Financial LLC's Memorandum of Law in Support of Its Motion for Stay of This Court's December 3, 2014 Discovery Order (Dkt. No. 139-1).

purportedly protected by an unrecognized "insurance information privilege and/or official information privilege." Verus's Mot. to Stay at 3. Despite the Court's explicit ruling to the contrary, Verus continues to insist that documents it requested and received from Prudential on behalf of state treasurers, controllers, and insurance regulatory departments are privileged and/or confidential pursuant to state laws, and that disclosure would require Verus to violate state laws. *Id.* Without explanation, Verus asserts that the disclosure of such information may damage its client relationships. *Id.*

None of the purported hardships Verus asserts are legally cognizable for the following reasons. First, Verus has no standing to raise the official information privilege on behalf of the states, as private parties such as Verus cannot assert the privilege. *Torres v. Kuzniasz*, 936 F. Supp. 1201, 1210 (D.N.J. 1996). Second, no federal court has recognized the applicability of any state insurance privilege under federal common law, and Verus conceded as much during the October 9, 2014 hearing. Baig Decl., Ex. 1 at 7. Further, no identifiable transcendent public need or interest warrants this Court's recognition of a new federal privilege based on varying state insurance codes. *Trammel v. United States*, 445 U.S. 40, 50 (1980).

Third, "[g]eneral allegations of injury to . . . client relationships . . . that may result from the dissemination of privileged documents" are insufficient to justify non-disclosure or enforcement of a non-disclosure agreement. *See Glenmede Trust Co. v.*

- 7 -

*Thompson*, 56 F.3d 476, 484 (3d Cir. 1995).   Fourth, courts have ordered the production of documents despite contentions that disclosure would violate governing laws.   *See, e.g.*, *Weiss v. Nat'l Westminster Bank, PLC*, 242 F.R.D. 33, 39, 42-58 (E.D.N.Y. 2007) (ordering defendant to produce documents and respond to requests for admission and interrogatories despite defendant's argument that plaintiffs sought information subject to English bank customer secrecy laws which defendant was prohibited from disclosing without a customer's prior consent).

Despite multiple opportunities to do so now, Verus has repeatedly failed to show how the disclosure of confidential business information from Prudential under the Discovery Confidentiality Order (Dkt. No. 52), which strictly limits the use of confidential information to the prosecution of this litigation, will harm its business relationship with its clients, various state regulatory entities.   Indeed, Verus has not shown how such limited disclosure would deter regulated entities, such as Prudential, from cooperating with state regulatory entities, or how such disclosure would prevent state entities from effectively monitoring insurance companies.

Even if there were an applicable privilege, which there is not, Verus has now had ten months to provide Plaintiffs with a privilege log in accordance with Fed. R. Civ. P. 26(b)(5), and it has not done so.   *See United States v. Pechiney Plastics*, No. 09-5692 (PGS), 2013 U.S. Dist. LEXIS 37640, at *47 (D.N.J. Mar. 19, 2013) ("providing a privilege log for all documents withheld on the basis of privilege is a

- 8 -

basic discovery requirement"); *see also In re Chevron Corp.*, 749 F. Supp. 2d 170, 177 (S.D.N.Y. 2010) (failure to timely produce privilege log resulted in waiver). Based on the foregoing, Verus has not identified a clear case of harm or inequity it would suffer from the Court's denial of a stay.

### 3.    Plaintiffs Will Be Unduly Prejudiced by a Stay

The issues of privilege have already been litigated through Plaintiffs' Motion to Compel Verus to produce documents and Verus's Cross-Motion to Quash Plaintiffs' Subpoena to Testify.  In its Rule 72 Appeal of Magistrate Judge Decision to District Court (Dkt. No. 138),[4] filed on December 17, 2014, Verus asserts no new law or evidence demonstrating that the Court's December 3 Order was "'clearly erroneous or contrary to law.'"  *Franklin U.S. Rising Dividends Funds v. Am. Int'l Grp., Inc.*, No. 13-5805 (JLL), 2014 U.S. Dist. LEXIS 103482, at *5 (D.N.J. July 29, 2014).  After exhaustive briefing on these previous motions, Plaintiffs successfully argued that no federal insurance investigation or official information privilege was applicable to Verus.  Dkt. No. 130.  Notwithstanding the considerable time and expense involved with briefing this issue yet again, Plaintiffs should not now be penalized by a stay of discovery triggered by Verus's request that the Court resolve exactly the same issues.

---

[4]    It is unclear that Verus's appeal is even properly brought under Fed. R. Civ. P. 72(a) or New Jersey Local Rule No. 72.1(a)(1) because both of these rules apply to magistrate judges, and Judge Arleo was a district court judge, and not a magistrate judge, when the Court entered the December 3 Order.  *See* Dkt. No. 130; *Collins v. Ford Motor Credit Co., LLC*, No. 5:12 CV 2677, 2012 U.S. Dist. LEXIS 180956, at *5 (N.D. Ohio Dec. 21, 2012) (Federal Rule 72 inapplicable where order was issued by a district judge, not a magistrate judge).

Moreover, Plaintiffs will be substantially prejudiced if Verus's motion is granted because Plaintiffs have "a right to have its case heard expeditiously while this lawsuit is pending." *Gerald Chamales Corp. v. OKI Data Ams., Inc*., 247 F.R.D. 453, 455 (D.N.J. 2007); *see also S. Freedman & Co. v. Raab*, No. 06-3723 (RBK), 2008 U.S. Dist. LEXIS 79750, at *8 (D.N.J. Oct. 6, 2008) (finding that plaintiffs' proceeding pursuant to court-ordered discovery schedule would be prejudiced by the imposition of a stay). Because the fact discovery deadline in this case is June 1, 2015, Plaintiffs "must promptly take discovery to prepare its case for trial." *Chamales*, 247 F.R.D. at 455. Moreover, notwithstanding its motion to stay, Verus has already participated in some discovery in this case pursuant to Judge Arleo's bench rulings on October 9, 2014. *Id.* at 456. Verus's argument that discovery should be stayed pending a decision on its motion "is inconsistent with the fact that [it has] already actively participated in discovery." *Id.*

As asserted in previous motions, the information collected by Verus is critically necessary for Plaintiffs to prove the claims set forth in the Amended Complaint. Indeed, the information Verus collected as part of its multi-state market conduct examination forms the basis of and goes to the heart of Plaintiffs' allegations that defendants knowingly and/or recklessly issued financial statements that materially overstated income and understated expenses by failing to both account and reserve for known liabilities associated with policyholders identified as deceased on the SSA-

- 10 -

DMF.  Dkt. No. 22 (Amended Complaint), ¶¶12, 54, 57(a)-(c), 68, 77-79, 86, 100, 107.  The requested information is essential to show that the Class Period financial statements were issued with knowing and/or reckless disregard of their falsity.  *Id*., ¶¶57(e), 72, 86.  Given these readily identifiable prejudices to Plaintiffs resulting from the imposition of a stay, the balance of harm to Plaintiffs certainly outweighs any purported harm suffered by Verus.  Thus, the Court should deny Verus's motion to stay.

### 4. A Stay Will Not Simplify the Issues or Promote Judicial Economy

Here, a stay will not simplify the issues in this case or promote judicial economy, as the resolution of privilege issues would not be dispositive of the claims in this action.  *See McDonald*, 2007 U.S. Dist. LEXIS 86140, at *2-*3 ("'In the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues.'").  The law supporting stays of legal proceedings clearly contemplates a forthcoming *dispositive* ruling that would resolve a central issue pending in the instant action, and therefore serve the goal of judicial economy, and not an appeal concerning a non-dispositive discovery issue that would have no effect on the claims in this case. *MEI, Inc. v. JCM Am. Corp.*, No. 09-351 (RBK/JS), 2009 U.S. Dist. LEXIS 96266, at *12-*13 (D.N.J. Oct. 15, 2009) ("A stay is particularly appropriate, and within the

court's 'sound discretion,' where the outcome of another case may 'substantially affect' or 'be dispositive of the issues' in a case pending before a district court.")

In fact, the authority cited by Verus illustrates this principle.[5]  For example, in *Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC*, No. 11-0011, 2011 U.S. Dist. LEXIS 102743, at *1-*2 (D.N.J. Sept. 12, 2011), the Court discussed conflicting Third Circuit rulings concerning whether federal courts have jurisdiction to hear Telephone Consumer Protection Act ("TCPA") claims.  The court found a stay would simplify the issues because if the Third Circuit *en banc* panel concluded that a choice of law analysis was appropriate and affirmed the district court's ruling that New York state law barred TCPA class actions, the *Bais Yaakov* case would be dismissed, and "proceeding with the case despite the possibility of dismissal would be a waste of judicial resources."  *Id.* at *4.  Thus, as a case-dispositive issue was pending, it made sense to stay the case until such issue was resolved.

Similarly, in *McDonald*, the question of whether state law product liability claims were preempted by FDA regulations governing drug labels, an issue at the heart of the case, was pending before the Third Circuit in two separate actions.  2007

---

[5]  In *Bechtel Corp. v. Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976), the court affirmed the stay of appellant's Labor Management's Relations Act ("LRMA") claim, because if it prevailed on its breach of contract claim and recovered damages, the LRMA claim would be moot. In *Hertz*, 250 F. Supp. 2d at 423, 426, the court issued a stay of motion for preliminary injunction pending the resolution of a motion to consolidate all actions before the Judicial Panel on Multidistrict Litigation.  In *Cessna Aircraft Co. v. Fidelity & Casualty Co. of N.Y.*, 616 F. Supp. 671 (D.N.J. 1985), the court stayed the federal court action because an identical action was pending in state court which concerned issues of state law and public policy.

U.S. Dist. LEXIS 86140, at *2, *4.  Accordingly, the court granted a stay pending resolution of those actions based on "the strong likelihood that the forthcoming decision of the Court of Appeals will have potentially dispositive implications for a central issue in this dispute."  *Id.* at *4-*5.

Here, no such dispositive motion is pending, and there is no possibility that Plaintiffs' claims will be dismissed as a result of Verus's appeal.  No judicial resources would be wasted as a result of continuing discovery with respect to Verus, because the Court's forthcoming ruling on Verus's appeal would not be outcome determinative in this case.  Thus, because a stay will not simplify the issues in this case or promote judicial economy, the Court should deny Verus's request for a stay.

### 5.   This Case Is in the Thick of Discovery, and the Court Contemplates a Trial Before the End of 2015

In *Akishev*, the court found that the filing of the motion to stay within one month after plaintiffs filed the initial complaint favored the issuance of a stay, noting that "'[s]uch temporal proximity supports the issuance of a stay because no party has engaged in significant production or protracted motion practice.'"  2014 U.S. Dist. LEXIS 72232, at *20.  Such is not the case here.  Plaintiffs filed the initial complaint on August 22, 2012 (Dkt. No. 1), and have engaged heavily in motion practice with both parties and non-parties to this litigation in efforts to obtain the discovery needed.  Indeed, discovery in this case has been ongoing for approximately 11 months.  According to the current deadlines set by the Court (which may need to be extended),

- 13 -

discovery will continue for only an additional five months.  Dkt. No. 50 at 19.  As previously discussed, Judge Mannion expects trial to be completed by the end of 2015.  Dkt. No. 141 at 23.  As such, no "temporal proximity" exists favoring the imposition of a stay in this action, and Verus's motion for the same should be denied.

## IV.   CONCLUSION

Given the foregoing, there is simply no reason to stay discovery as to Verus pending the outcome of Verus's Appeal of Magistrate Judge Decision to District Court.  Accordingly, Plaintiffs respectfully request that the Court enter an order denying Verus's motion to stay.

DATED:  January 6, 2015                    Respectfully submitted,

                                           COHN LIFLAND PEARLMAN
                                             HERRMANN & KNOPF LLP
                                           PETER S. PEARLMAN
                                           JEFFREY W. HERRMANN


                                                 s/ Peter S. Pearlman
                                           _____
                                               PETER S. PEARLMAN

                                           Park 80 West – Plaza One
                                           250 Pehle Avenue, Suite 401
                                           Saddle Brook, NJ  07663
                                           Telephone:  201/845-9600
                                           201/845-9423 (fax)

                                           Liaison Counsel for Plaintiff

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
AELISH M. BAIG
ARMEN ZOHRABIAN
DAVID W. HALL
SUNNY S. SARKIS
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)

Lead Counsel for Plaintiff

SULLIVAN, WARD, ASHER &
PATTON, P.C.
MICHAEL J. ASHER
1000 Maccabees Center
25800 Northwestern Highway
Southfield, MI  48075-1000
Telephone:  248/746-0700
248/746-2760 (fax)

THOMAS J. HART
SLEVIN & HART, P.C.
1625 Massachusetts Avenue, NW,
Suite 450
Washington, DC  20036
Telephone:  202/797-8700
202/234-8231 (fax)

- 15 -

ANDREW F. ZAZZALI, JR.
ZAZZALI, FAGELLA, NOWAK,
KLEINBAUM & FRIEDMAN
One Riverfront Plaza, Suite 320
1037 Raymond Boulevard
Newark, NJ  07102
Telephone:  973/623-1822
973/623-2209 (fax)

Additional Counsel for Plaintiff

- 16 -

994711_1