## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CITY OF STERLING HEIGHTS GENERAL EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br>v.<br><br>PRUDENTIAL FINANCIAL, INC. et al.,<br><br>    Defendants. | Civil Action No.<br><br>2:12-cv-05275 (MCA) (LDW)<br><br>**MEMORANDUM OPINION & ORDER ON MOTIONS TO SEAL (ECF Nos. 271 & 277)** |

### LEDA DUNN WETTRE, U.S.M.J.

Before the Court are two opposed motions to seal (ECF Nos. 271 & 277) filed pursuant to L. Civ. R. 5.3(c)(2): (1) plaintiffs' motion to seal portions of their letter to the Court opposing defendants' letter application for leave to file a motion for summary judgment (ECF No. 270) and Exhibits A and B to that letter (ECF Nos. 270-1 & 270-2); (2) defendants' motion to seal portions of a Declaration of Florence Yee (ECF No. 276) and Exhibit A (ECF No 276-1) to defendant's July 17, 2015 letter relating to a discovery dispute concerning electronically stored information (ECF No. 275). Plaintiffs oppose the sealing of the subject materials on both motions, although they are the nominal movant on the motion to seal filed at ECF No. 271. For the reasons set forth below, both motions to seal are **GRANTED**.

### LEGAL STANDARD

"It is well-settled that there exists, in both criminal and civil cases, a common law public right of access to judicial proceedings and records." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001). A limited exception to this right of access to judicial records has been recognized in

this Circuit with respect to discovery materials filed in support of discovery motions.  Because materials exchanged in civil discovery are not subject to a common law right of access, the Third Circuit has observed that "[w]hen discovery materials are filed with the trial court, the private nature of discovery comes into conflict with the public's right to access judicial records." *United States v. Wecht*, 484 F.3d 194, 209 (3d Cir. 2007).  The Third Circuit has resolved the conflict by holding that discovery materials filed as part of a discovery motion generally are not subject to the common law right of access. *See id.* (discussing *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157 (3d Cir. 1993)).

With respect to judicial filings as to which there *is* a right of access, a party seeking sealing must overcome the presumption of access by demonstrating that "good cause" exists for denying such access to the public. *Securimetrics, Inc. v. Iridian Techs., Inc.*, No. CIV. 03-04394 (RBK), 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006).  The standard for "good cause" was summarized by the Third Circuit in *Pansy v. Boro of Stroudsberg*, 23 F.3d 772 (3d Cir. 1994) as "a particularized showing that disclosure will cause a 'clearly defined and serious injury to the party seeking closure.'"  *Id.* at 786.  This standard was incorporated into this District's Local Civil Rule 5.3, which sets forth the requirements for a motion to seal.  Such a motion must describe "(a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available."  L. Civ. R. 5.3(c)(2).  If the movant lacks personal knowledge sufficient to support the four sealing criteria, such support must be provided by the ultimate proponent of sealing (usually the "owner" of the documents) within fourteen days of the filing of the initial motion to seal.  *Id.*

2

## DISCUSSION

The Court finds it appropriate to grant both motions to seal for the reasons set forth below. Each motion will be addressed in turn.

**I.    Motion to Seal Exhibits A and B and References Thereto in Plaintiffs' July 17, 2015 Letter (ECF No. 271)**

Plaintiffs filed this motion to seal  portions of their  July 17, 2015 letter to the Court in opposition to defendants' letter application for leave to file an early motion for summary judgment, as well as Exhibits A and B to that letter.  Although they are the movants, plaintiffs actually oppose the permanent sealing of these materials.  (*See* ECF No. 318).  They were required to file the materials under seal because the materials were designated by defendants as "Confidential" under the Discovery Confidentiality Order entered by this Court in May 2014 ("DCO").  (ECF No. 52). As required by Local Civil Rule 5.3, defendants as the parties with personal knowledge of the underlying documents sought to be sealed submitted a supplemental brief in support of the motion to seal.  (ECF No. 303)

The portions of the July 17, 2015 letter that the defendants seek to seal either quote, summarize, or discuss Exhibits A and B.  Exhibit A is a PowerPoint presentation created by Verus Financial, LLC to summarize preliminary findings from its unclaimed property audit of Prudential. The presentation includes summaries of Prudential's processes and procedures regarding escheatment, unclaimed property, and the use of the Social Security Administration Death Master File ("SSA-DMF").  Defendants argue these findings were part of a confidential exchange of views between Verus and Prudential.  (*See* ECF No. 325 at 5).  Indeed, this Exhibit as well as Exhibit B are subject to non-disclosure agreements.  (ECF No. 325 at 5).

3

Exhibit B is a letter dated August 23, 2011 from the Pennsylvania Insurance Department to Prudential. The letter announced the start of a multistate market conduct examination and summarizes certain alleged issues and problems relating to particular policies sampled by auditors. This document also summarizes Prudential's processes and procedures relating to escheatment, unclaimed property, and the use of the SSA-DMF. Although plaintiff argues that the information is years old and therefore no longer sensitive, Prudential represents that the materials contain confidential procedures and policies that Prudential continues to employ. (ECF No. 325 at 7). Further, information provided by Prudential to Pennsylvania pursuant to the audit was protected from public disclosure by the auditors pursuant to Pennsylvania statute.

Assuming a public right of access applies to these materials produced in discovery, defendants demonstrate that the four criteria for sealing these materials are met. Prudential has a legitimate interest in maintaining the confidentiality of its proprietary methods in these materials that were shared with Verus and the State of Pennsylvania, respectively, with an expectation of confidentiality. Public disclosure of such information could serve not only to reveal Prudential's proprietary processes to competitors, but also could undermine the substantial interest in security voluntary cooperation with governmental audits. *See Leucadia, Inc.,* 998 F.2d at 166 ("Documents containing trade secrets or other confidential business information may be protected from disclosure."). Because the entirety of these documents appear to contain confidential information, there is no less restrictive alternative to the relief sought.[1]

---

[1] The Court further notes that plaintiffs have not been deprived of these materials in litigating this case; the materials they oppose sealing were simply produced to them under the terms of the DCO. Although there are procedures for challenging a Confidentiality designation under the DCO, those were not employed by plaintiffs prior to filing this confidential discovery information on the docket and simultaneously opposing its maintenance under permanent seal.

4

II.   **Motion To Seal In Part the Declaration of Florence Yee and Exhibit A to Defendant's July 17, 2015 Letter (ECF No. 277)**

Defendants seek to seal three references to dollar figures in the Declaration of Florence Yee (ECF No. 276) and Exhibit A (ECF No 276-1) to defendant's July 17, 2015 letter regarding search terms and custodians (ECF No. 275). Plaintiffs oppose the motion. (*See* ECF No. 317).

The Florence Yee Declaration is a sworn statement by a Prudential attorney regarding the scope, process, and cost of document review and production. Defendants seek redactions of the estimates of the amounts incurred and to be incurred by Prudential in connection with electronic discovery. With only three references to dollar figures redacted, the Declaration is available on the public docket (ECF No. 275-3).

Exhibit A is a list of materials produced in this litigation that describe the authors, recipients, and content of each document. The documents contained in the list include email communications, confidential memoranda, and analyses that document internal procedures and processes such as Prudential's response to the Verus audit and settling of reserves. The Exhibit is replete with information marked Confidential under the DCO, as well as information already ordered sealed by this Court. (*See* ECF No. 307).

The Court notes from the outset that it is doubtful whether a public right of access exists with respect to Exhibit A, which contains excerpts of materials produced in discovery attached to a letter application concerning a discovery dispute. While the dispute was raised by letter rather than formal motion, the Court views these as precisely the type of materials the Third Circuit

---

Plaintiffs' opposition to the motion seems to be based primarily on a stated desire to vindicate a purported interest of the public in these materials that the public has not expressed by means of intervening in opposition to the motion to seal.

referenced when finding no presumptive right of access to materials attached to a discovery motion. *See Leucadia, Inc.*, 998 F.2d at 165.

Even assuming a public right of access, the criteria for sealing Exhibit A are met. Prudential has a legitimate interest in maintaining the confidentiality of its internal communications described in this Exhibit, which include summaries of internal email communications, confidential memoranda and analyses that describe internal Prudential procedures and processes, including specific information detailing Prudential's response to the Verus audit, setting of reserves and other related actions. Public disclosure of such information is likely to expose Prudential's confidential, internal processes to its competitors. Because the entirety of these documents appear to contain confidential information (including information already found by this Court to merit sealing), there is no less restrictive alternative to the relief sought.

Finally, the Court finds that the three references to dollar figures in the Yee Declaration are properly subject to sealing. Prudential has articulated a legitimate interest in keeping its projected litigation costs confidential. Conversely, the Court does not find any meaningful public interest in the cost to a corporation of gathering electronic discovery for production. The Court further notes that the redactions defendants seek are extremely limited and represent only the specific dollar amounts defendants estimated they would incur in document production, thereby constituting the least restrictive manner in which to protect Prudential's privacy interest in the information.

## CONCLUSION

For the foregoing reasons, and the Court having considered the submissions in connection with the motion (ECF Nos. 271, 277, 303, 317, 318, 325); and the Court having considered the factors contained in L. Civ. R. 5.3(c)(2); and for good cause shown;

**IT IS** on this day, January 15, 2016:

**ORDERED**, that plaintiffs' motion to seal (ECF No. 271) is **GRANTED**, and defendants' motion to seal (ECF No. 277) is **GRANTED**; and it is further

**ORDERED**, that the Clerk's Office shall terminate ECF Nos. 271 & 277 accordingly.

Hon. Leda Dunn Wettre
United States Magistrate Judge

7